**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| MBAREK SRYFI,<br><br>　　　　　　Plaintiff,<br><br>　v.<br><br>TRUSTEES OF THE UNIVERSITY<br>OF PENNSYLVANIA, HEATHER<br>SHARKEY, CHRISTINA FREI, JEFFREY<br>KALLBERG, AND JOSEPH LOWRY,<br>　　　　　　Defendants. | CIVIL ACTION NO.: 2:24-cv-00567-JP<br><br>Judge John R. Padova |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS'
MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT**

Dated: October 11, 2024

Respectfully Submitted,

**BAKER & MCKENZIE LLP**

By: */s/ Jeffrey A. Sturgeon*
Jeffrey A. Sturgeon (PA ID No. 93750)
452 Fifth Avenue
New York, NY 10018
Tel: +1 212 626 4339
Jeffrey.Sturgeon@bakermckenzie.com

*Counsel for Defendants*

## <u>TABLE OF CONTENTS</u>

I.    INTRODUCTION ................................................................................................... 1

II.   RELEVANT FACTUAL ALLEGATIONS ........................................................... 3

   A.   Plaintiff's 2008 Car Accident and Purported Disability ..................................... 4

   B.   The Alleged Plan To End A NELC Department "Era" ........................................ 5

   C.   Plaintiff's Alleged Complaints and Requests for Accommodation .................... 6

III.  ARGUMENT .......................................................................................................... 7

   A.   Standard of Review .............................................................................................. 7

   B.   Plaintiff Fails To Allege Sufficient Facts To Plausibly Establish Disability
Discrimination Under The ADA, PHRA, and PFPO (Counts I, V, and VIII). .......... 8

   C.   Plaintiff Fails To Allege Sufficient Facts To Plausibly Establish Age Discrimination
Under the ADEA, PHRA, and PFPO (Counts III, V, and VIII). ............................... 11

   D.   Plaintiff Fails To Allege Sufficient Facts to Plausibly Establish Retaliation Claims Under
the ADA, ADEA, PHRA, and PFPO (Counts II, IV, VI, and IX). ........................... 14

   E.   Plaintiff Fails To Allege Sufficient Facts to Plausibly Establish a Hostile Work
Environment Claim (Count III). ................................................................................. 15

   F.   Plaintiff Fails To Allege Sufficient Facts to Plausibly Establish Aiding and Abetting
Claims Against the Individual Defendants Under the PHRA and PFPO
(Counts VIII and X). ................................................................................................... 17

IV.   CONCLUSION ..................................................................................................... 18

## <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*Ashcroft v. Iqbal*,
  556 U.S. 662 (2009).............................................................................*passim*

*Barbalace v. KenCrest Services, Inc.*,
  No. 22-258, 2022 WL 1157893 (E.D. Pa. Apr. 19, 2022)...................................... 14

*Bell Atl. Corp. v. Twombly*,
  550 U.S. 544 (2007)............................................................................... 7, 8

*Cauler v. Lehigh Valley Hosp.*,
  No. 15-2635, 654 Fed. Appx. 69 (3d Dist. June 20, 2016)................................... 11

*Clark v. Albright College*,
  No. 19-2610, 2022 WL 801941 (E.D. Pa. Mar. 15, 2022) ....................... 12, 14, 16

*Cobetto v. Wyeth Pharms.*,
  619 F. Supp. 2d 142 (W.D. Pa. Oct. 15, 2007) ....................................... 11

*Del Bianco v. 76 Carriage Co.*,
  No. 2:22-cv-01152-JDW, 2023 WL 2772121 (E.D. Pa. April 4, 2023)......................... 15, 16

*Denham v. Children's Hospital of Philadelphia*,
  No. 19-0794, 2020 WL 3829228 (E.D. Pa. July 8, 2020) ..................................... 8

*Drummer v. Trs. of the Univ. of Pa.*,
  286 F. Supp. 3d 674 (E.D. Pa. Dec. 11, 2017)................................... 9, 10, 11, 12

*Gavurnik v. Home Props., L.P.*,
  227 F. Supp. 3d 410 (E.D. Pa. Jan. 3, 2017)................................................ 8, 14

*Gross v. FBL Financial Servs., Inc.*,
  557 U.S. 167 (2009)................................................................................ 12

*Hainey v. Carney*,
  No. 22-1387, 2022 WL 1308510 (E.D. Pa. May 2, 2022).................................... 17

*Holyk v. Scranton Counseling Ctr.*,
  No. 3:17-0435, 2018 WL 585611 (M.D. Pa. Jan. 29, 2018)................................. 11

*Huston v. Procter & Gamble Paper Prods. Corp.*,
  568 F.3d 100 (3d Cir. 2009)..................................................................... 14

*Jackson v. Temple Univ.*,
  No. 20-1421-KSM, 2021 WL 4399645 (E.D. Pa. Sept. 27, 2021) ....................................... 12

*Joseph v. Continental Airlines*,
  126 F. Supp. 2d 373 (E.D. Pa. Dec. 19, 2000)...................................................................... 14

*Kaniuka v. Good Shepherd Home*,
  No. 05-CV-02917, 2006 WL 2380387 (E.D. Pa. Aug. 15, 2006) ........................................ 17

*Malleus v. George*,
  641 F.3d 560 (3d Cir. 2011)............................................................................................ 8, 15

*Menkowitz v. Pottstown Memorial Medical Center*,
  No. 97-2669, 1999 WL 410362 (E.D. Pa. June. 21, 1999)................................................... 17

*Nitkin v. Main Line Health*,
  67 F.4th 565 (3d Cir. 2023) ................................................................................................ 16

*Robinson v. Family Dollar, Inc.*,
  No. 15-3736, 679 Fed. Appx. 126 (3d Cir. Feb. 9, 2017)...................................................... 8

*Sessoms v. Trs. of the Univ. of Pa.*,
  No. 17-2369, 739 Fed. Appx. 84 (3d Cir. June 20, 2018) ................................................... 10

*Stouffer v. Union Railroad Company, LLC*,
  85 F.5th 139 (3d Cir. 2023) ................................................................................................ 13

*Studders v. Geisinger Clinic*,
  No. 4:20-CV-00914, 2021 WL 510077 (M.D. Pa. Feb. 21, 2021) ................................. 11, 12

*Szyper v. Am. Med. Response MidAtlantic, Inc.*,
  No. 21-3272, 2023 WL 2597585 (3d Cir. Mar. 22, 2023)................................................... 16

*Thomas v. Trs. of the Univ. of Pa.*,
  No. 17-5194, 2020 WL 374615 (E.D. Pa. Jan. 23, 2020)...................................................... 9

*Udasco-Kist v. Thomas Jefferson Univ. Hosps., Inc.*,
  No. 19-3176, 2021 WL 254584 (E.D. Pa. Jan. 25, 2021)................................................... 13

*Washington v. Septa*,
  No. 19-4213, 2021 WL 2649146 (E.D. Pa. June 28, 2021)................................................. 17

*White v. Presbyterian Med. Ctr. Of the Univ. of Pa. Health Sys.*,
  No. 20-6362 SWR, 2022 WL 3213534 (E.D. Pa. Aug. 8, 2022).......................................... 10

*Willis v. Norristown Area School Dist.*,
  2 F. Supp. 3d 597 (E.D. Pa. Feb. 20, 2014) ........................................................................... 8

*Willis v. UPMC Children's Hosp. of Pittsburgh*,
    808 F.3d 638 (3d Cir. 2015) .................................................................................................. 11

**Statutes**

Americans With Disabilities Act ............................................................................................*passim*

Age Discrimination in Employment Act ...............................................................................*passim*

**Other Authorities**

Fed. R. Civ. P. 12(b)(6) .......................................................................................................*passim*

## I.    INTRODUCTION

Plaintiff Mbarek Sryfi taught Arabic as a Lecturer in Foreign Languages in Penn's Department of Near Eastern Languages and Civilizations from 2004 until his employment ended in June 2023. He also briefly served as the Coordinator of the Arabic program until he was removed from the position in June 2022.

On February 7, 2024—in a thinly veiled attempt to manufacture an unlawful reason for his removal from the Coordinator position and subsequent separation—Plaintiff filed a Complaint alleging a grab bag of claims against Penn, including discrimination, retaliation, and hostile work environment, each on the basis of Plaintiff's race, religion, age, and/or purported disability, under Title VII, Section 1981, the ADEA, and the ADA. (*See* ECF No. 1.) On July 11, 2024, this Court ordered Plaintiff to file an Amended Complaint to "clarif[y] the factual basis for his claims and the legal theories he intends to pursue" by August 9, 2024. (*See* ECF No. 10.) More than one month after the deadline, on September 12, 2024, Plaintiff filed his Amended Complaint. (*See* ECF No. 11.)

Plaintiff's Amended Complaint is one step forward and two steps back. Plaintiff abandoned his race- and religion-related claims in his Amended Complaint, effectively conceding that he had no basis for asserting them in the first instance. But he merely swapped those claims out for six new Counts alleging violations of the PHRA and PFPO, and claims against four Penn faculty members he has added as individual defendants (Heather Sharkey, Christina Frei, Jeffrey Kallberg, and Joseph Lowry collectively the "Individual Defendants"). And despite this Court's directive to clarify the factual basis for his claims, Plaintiff's 186-paragraph Amended Complaint continues to be wholly devoid of facts sufficient to show Plaintiff has a plausible right to relief.

1

*First*, Plaintiff's disability discrimination claims fail because Plaintiff has not pled facts to support a plausible inference that Defendants took any action in 2022 based on Plaintiff's injuries from a car accident that happened a decade and a half earlier. Plaintiff also fails to adequately plead a failure-to-accommodate claim because he has not set forth any facts to demonstrate that he requested reasonable accommodations or that Defendants were even aware of his alleged disability.

*Second*, Plaintiff's age discrimination claims fail because he has not pled any facts showing that similarly situated individuals outside his protected class were treated more favorably under similar circumstances, or the existence of a causal nexus between his age and any employment action. Plaintiff cannot save his claims by weaving his own speculations and conclusions into the Amended Complaint in lieu of essential facts.

*Third*, despite the fleeting inclusion of the word "retaliation," the Amended Complaint is devoid of any facts to plausibly allege that Plaintiff engaged in protected activity or requested accommodations at any time before Plaintiff was removed from the Coordinator position or informed his employment would be ending. Indeed, Plaintiff's Amended Complaint fails to identify a single date on which he alleges he made reports of unlawful conduct or requested accommodations. It goes without saying that Defendants could not have retaliated against Plaintiff for something he never did.

*Fourth,* Plaintiff's hostile work environment claim fails because he has not pled facts that come anywhere close to meeting the high bar for severe and pervasive conduct. The Amended Complaint only references a few alleged remarks made by or to unidentified people, at unspecified times, and which were not related or directed to Plaintiff or his age.

*Fifth*, Plaintiff's aiding and abetting claims against the Individual Defendants fail

because his underlying discrimination and retaliation claims fail, and because he has not pled any facts to show they engaged in unlawful conduct in an individual capacity.

Despite having now had two opportunities to do so, Plaintiff has failed to allege any factual detail to support the conclusory allegations in his Amended Complaint. As a result, Plaintiff's Amended Complaint should be dismissed in its entirety without leave to amend because it is evident that further amendment would be futile.

## II.    RELEVANT FACTUAL ALLEGATIONS [1]

Plaintiff Mbarek Sryfi taught Arabic as a Lecturer in Foreign Languages in Penn's Department of Near Eastern Languages and Civilizations (the "NELC Department") from July 2004 through June 2023. (Am. Compl. ¶¶ 13, 24-25.) On or around December 16, 2022, Plaintiff was informed that the Spring 2023 semester would be his final semester of teaching at Penn. (*Id.* ¶¶ 2, 87-89.) Plaintiff's Amended Complaint does not set forth any facts about his performance leading up to the end of his employment. (*See generally* Am. Compl.) He only alleges in a conclusory fashion, and without any factual support, that he was "praised for his performance as a Lecturer" by unidentified persons at unspecified times, and that he was not the subject of unspecified "performance issues." (*Id.* ¶¶ 35, 72.)

Plaintiff also briefly served as the Coordinator for the Arabic Program from 2020 until June 2022. (*Id.* ¶¶ 26, 29.) Plaintiff alleges that he was removed from the Coordinator position "as a precursor" to the eventual separation of his employment. (*Id.* ¶ 64.) However, he again omits any facts regarding his performance as Coordinator. (*See id.*)

---

[1] Defendants dispute the majority of the factual allegations in the Complaint, but assume them as true for purposes of this Motion only. *See* Fed. R. Civ. P. 12(b)(6).

### A.    Plaintiff's 2008 Car Accident and Purported Disability

Plaintiff asserts claims against Defendants for discrimination and failure to accommodate based on Plaintiff's purported disability. (*See* Am. Compl., Counts I, V, VII, VIII, and X). The Amended Complaint does not specify what his purported disability is. Plaintiff only alleges that he was in a car accident in 2008, toward the start of his nearly 20-year tenure with Penn. (*Id.* ¶ 3.) Plaintiff alleges that as a result of the car accident, he has suffered since 2008 from an unspecified "trauma related condition" and "permanent injury to his neck, back and left knee." (*Id.* ¶¶ 4-5.) Plaintiff makes only vague and conclusory allegations that his "injuries were reported to Defendants" and that he requested unspecified accommodations, but he does not provide any details about what he said, to whom he said it, or when between 2008 and the present this allegedly happened. (*Id.* ¶¶ 6, 105-106.) Similarly, Plaintiff alleges that his unspecified requests were denied, but he does not state when, how, or by whom they were denied. (*Id.* ¶¶ 103-104.)

Plaintiff also alleges that *after* being notified in December 2022 that his employment would end in June 2023, he suffered "mental anguish, loss of enjoyment of life, loss of appetite, loss of sleep, and other issues" and sought medical treatment. (*See id.* ¶¶ 94-95.) He asserts that he was unable to begin work in January 2023 "due to his medical condition and the recommendation of treating medical providers." (*Id.* ¶ 96.) While Plaintiff alleges that he informed unidentified persons at Penn about his alleged "emotional distress" and "the cause for needing medical treatment," he does not state when he did so or allege that he requested any related accommodations. (*Id.* ¶ 97.) Plaintiff also does not allege that Defendants took any adverse action against him in the immediate aftermath of his purported disclosures. (*See generally* Am. Compl.)

**B.        The Alleged Plan To End A NELC Department "Era"**

Plaintiff also asserts claims against Defendants for discrimination and a hostile work environment based on Plaintiff's age. (*See* Am. Compl., Counts III, V, VII, VIII, and X.) Plaintiff alleges that Defendants had a "plan to make the Arabic Program in the NELC Department younger" in order to end an "era that needed to end." (*Id.* ¶ 43.) Plaintiff asserts that this purported "plan" entailed ending the employment of two employees over the span of one year: Plaintiff (62 years old) in June 2023, and one other Arabic lecturer (56 years old) in June 2022.[2] (*Id.* ¶¶ 2, 44.) Plaintiff vaguely asserts that "Defendants continued to replace older employees with younger employees," but he does not identify any other individuals whose employment ended. (*See id.* ¶ 74.)

Plaintiff's Amended Complaint has some scattered references to alleged statements made by or to unidentified individuals, at unknown times, and without any other facts regarding the context in which they were allegedly made—including any facts to demonstrate how the statements allegedly relate to Plaintiff, or Plaintiff's age, in any way. *See* Am. Compl. ¶ 49 (Sharkey and Frei said to unidentified persons, at an unspecified time, that the other lecturer who was terminated a full year before Plaintiff was "getting old" and that Penn was looking for someone "more energetic"); ¶¶ 70-71 (unidentified persons told Plaintiff at an unspecified time that the decision to remove him from the Coordinator role was "motivated by the objective to hire new blood," and "about filling the position with someone younger"); ¶¶ 78-79, 82 (Frei told unidentified persons, at unspecified times, that "they needed to 'build a case' against Plaintiff in order to end [his] employment"); ¶ 48 (Paul Cobb—who is not an individual

---

[2] Similar to his allegations about his own employment, Plaintiff does not set forth any factual support for the conclusory allegations in his Amended Complaint that the other employee, Emad Rushdie, was "terminated due to age," and replaced by an unidentified individual younger than him. (*See* Am. Compl. ¶¶ 40-42.)

defendant in this action—said to unidentified persons, at an unspecified time, that the NELC Department's "objective" was to hire younger lecturers with "more energy"); ¶ 92 (Plaintiff was "informed" by unidentified persons, at an unspecified time, that his employment ended "based on . . . his membership in a protected class"); ¶ 83 (Plaintiff was "subjected to disparaging conduct and comments" between June 2022 and June 2023, but he does not state what the comments were, who made them, or when they were made).

The only two alleged remarks with even a vague reference to timing are age-neutral on their face. Plaintiff alleges that in or around June 2022, Lowry and Sharkey informed him that Defendants needed to end an "older era" to "make room for new blood." (*Id.* ¶¶ 55-60.) And Plaintiff alleges that Lowry "openly spoke" to unidentified persons about the unspecified "motivation" to end the employment of Plaintiff "as early as September 2021." (*Id.* ¶ 76.)

Plaintiff also alleges that the woman who served as the Coordinator after him was approximately 17 years younger, and that he was "replaced" as a Lecturer in Foreign Languages by someone approximately 30 years younger. (*See id.* ¶¶ 30-31, 65-66, 73.)  However, he does not identify the individuals, nor does he set forth facts regarding their positions, qualifications, or any other context. (*See id.*)

### C.    Plaintiff's Alleged Complaints and Requests for Accommodation

Plaintiff alleges claims for retaliation due to alleged protected activity and requests for accommodation against all Defendants. (*See* Am. Compl., Counts II, IV, VI, VII, IX, and X.)

Plaintiff alleges that he met with Dean Kallberg "in order to report the discrimination" and "request help," without providing any details about when this happened, what he said to Dean Kallberg, or what "help" he requested. (*Id.* ¶ 112.) Similarly, Plaintiff alleges that he "reported discrimination" to the office of the Ombudsman, but he does not provide any facts

about when, how, or to whom he made this report, or what he reported. (*Id.* ¶ 113.)

With respect to Plaintiff's alleged requests for accommodation, the Amended Complaint does not offer anything more than conclusory allegations that he requested or "attempted to request" unspecified "reasonable accommodations" and "assistance," without any supporting facts, such as when, to whom, or how he made the alleged requests, or what he requested.  (*Id.* ¶¶ 6, 106, 131.)

Plaintiff alleges that the decisionmakers involved in ending his employment "included" Cobb (who is not a party to this action), Kallberg, Lowry, and Frei. (*Id.* ¶ 47.) However, Plaintiff does not allege that his conversation with Dean Kallberg occurred *before* the decision was made, or that any of the other decision-makers were aware of that conversation or Plaintiff's alleged report to the Ombudsman. (*See generally* Am. Compl.) Plaintiff also does not allege facts to demonstrate that any decision-maker—or anyone at all—had knowledge of his alleged requests for accommodation. (*See id.*)

## III.    ARGUMENT

### A.    Standard of Review

A Rule 12(b)(6) motion for failure to state a claim must be granted when a complaint fails to set forth "enough facts to state a claim for relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A plaintiff must plead "actual content that allows the court to draw the reasonable inference that the defendant[s] [are] liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556).

The court must accept all well-pleaded factual allegations as true and view them in the light most favorable to the plaintiff, but legal conclusions and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements" are not entitled to the

assumption of truth. *Iqbal*, 556 U.S. at 678-79; *Robinson v. Family Dollar, Inc.*, No. 15-3736, 679 Fed. Appx. 126, 131 (3d Cir. Feb. 9, 2017). Plaintiff's obligation to provide the grounds for his entitlement to relief "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 545 (citations omitted). Where a complaint is nothing more than "an unadorned, the-defendant-unlawfully-harmed me accusation," it must be dismissed. *See Robinson*, 679 Fed. Appx. at 131. Therefore, "naked assertions devoid of further factual enhancement" are similarly inadequate. *Iqbal*, 556 U.S. at 697. This Court is not required to "conjure up" unpled or unclaimed facts that "might turn a frivolous claim . . . into a substantial one." *Twombly*, 550 U.S. at 562 (citation omitted).

Under *Twombly* and *Iqbal*, courts in this circuit evaluating a motion to dismiss follow a three-step inquiry: (1) identify the elements of the claims, (2) review the complaint to strike conclusory allegations, and then (3) look at the well-pled components of the complaint and evaluate whether all of the elements identified in part one of the inquiry are sufficiently alleged. *See Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011).

### B.    Plaintiff Fails To Allege Sufficient Facts To Plausibly Establish Disability Discrimination Under The ADA, PHRA, and PFPO (Counts I, V, and VIII).

In order to establish a claim for disability discrimination under the ADA, a plaintiff must show: (1) he is a disabled person within the meaning of the ADA; (2) he is otherwise qualified to perform the essential functions of the job, with or without reasonable accommodations; and (3) he has suffered an adverse employment decision as a result of discrimination. *Gavurnik v. Home Props., L.P.*, 227 F. Supp. 3d 410, 419 (E.D. Pa. Jan. 3, 2017); *see also Willis v. Norristown Area School Dist.*, 2 F. Supp. 3d 597, 604 n.10 (E.D. Pa. Feb. 20, 2014) ("Courts within this Circuit interpret the ADA and PHRA coextensively."); *Denham v. Children's Hospital of Philadelphia*, No. 19-0794, 2020 WL 3829228, at *3 (E.D. Pa. July 8, 2020) (claims under "the PHRA and

PFPO are reviewed under a comparable legal framework as found in the ADA and ADEA").

Plaintiff's threadbare recital of the elements of a disability discrimination claim cannot survive dismissal. *See Iqbal*, 556 U.S. at 678. For the first element, Plaintiff makes only a conclusory allegation that his 2008 "auto accident injuries qualify as a disability under the ADA because [his] injuries significantly impact major life activities, including, sleeping, eating, exercising, cleaning, and other activities of daily living." (Am. Compl. ¶ 102.) His Amended Complaint is devoid of a single additional detail or specific example despite Plaintiff allegedly suffering from his disability for over a decade and a half and nearly his entire tenure at Penn.

For the second element, Plaintiff merely asserts in a conclusory fashion that he is a "qualified individual with a disability." (Am. Compl. ¶ 131). This is insufficient. Plaintiff must "allege *specific facts* to support his assertion that he could perform the essential functions of his job with or without reasonable accommodations." *Drummer v. Trs. of the Univ. of Pa.*, 286 F. Supp. 3d 674, 683 (E.D. Pa. Dec. 11, 2017) (emphasis added). Indeed, "the mere fact that he was employed . . . up until the time of his termination does not by itself establish that he remained qualified for his job. Such an assumption would vitiate the qualification element for any discrimination claim based on wrongful termination since any terminated employee was employed up until the time of his or her termination." *Id.* (dismissing disability discrimination claim pursuant to Rule 12(b)(6)).

"Under the ADA, a plaintiff can satisfy the third element either by showing that an adverse employment action was taken because of [his] disability or, alternatively, by showing that [his] employer failed to make reasonable accommodations for [his] known physical and/or mental limitations, unless the employer can demonstrate that the accommodation would impose an undue hardship on the operation on [its] business[.]" *Thomas v. Trs. of the Univ. of Pa.*, No. 17-5194,

2020 WL 374615, at *3 (E.D. Pa. Jan. 23, 2020) (citing *Colwell v. Rite Aid Corp*., 602 F.3d 495, 504-05 (3d Cir. 2010)). Plaintiff cannot establish the third element under either theory.

Plaintiff has failed to allege facts to support a plausible inference that decisions made in 2022 to remove Plaintiff from the Coordinator position or to end his employment were in any way based on purported injuries Plaintiff sustained in 2008. In fact, there are zero facts in the Amended Complaint to show that anyone from Penn knew about Plaintiff's car accident or his injuries. Regardless, mere awareness of a disability is insufficient to create an inference of discrimination. *Drummer*, 286 F. Supp. 3d at 674. Thus, Plaintiff's claims fail because he has not set forth facts to support a plausible inference that Defendants took any action *because of* his alleged disability.

A plaintiff bringing a failure-to-accommodate claim must establish: (1) he was disabled and his employer knew it; (2) he requested an accommodation or assistance; (3) his employer did not make a good faith effort to assist; and (4) he could have been reasonably accommodated. *See White v. Presbyterian Med. Ctr. Of the Univ. of Pa. Health Sys.*, No. 20-6362 SWR, 2022 WL 3213534, at *11 (E.D. Pa. Aug. 8, 2022). Again, Plaintiff has not alleged facts to establish that he was disabled under the law or that Defendants were aware of his purported disability. The Amended Complaint is also devoid of any facts to support Plaintiff's conclusory assertions that he "attempted to request" or requested unspecified reasonable accommodations, or that anyone "refused to engage [him] in an interactive process." (*See* Am. Compl. ¶¶ 6, 106, 131, 134, 162.) Absent facts showing a trigger for the interactive process, Defendants had no duty to engage. *See Sessoms v. Trs. of the Univ. of Pa.*, No. 17-2369, 739 Fed. Appx. 84, 88 (3d Cir. June 20, 2018) ("[O]ur case law requires the employee or her representative to make the initial request in order to trigger an employer's duty to engage in the interactive process. . . . Penn thus was not obligated to engage in the interactive process before Sessoms made her first request for accommodations[.]"

10

In sum, Plaintiff's conclusory allegations and regurgitation of elements without any factual support cannot establish a disability discrimination claim. *See Iqbal*, 556 U.S. at 678. Plaintiff has failed to allege facts sufficient to plausibly establish disability discrimination, and thus, Counts I, V, and VIII should be dismissed.

### C.    Plaintiff Fails To Allege Sufficient Facts To Plausibly Establish Age Discrimination Under the ADEA, PHRA and PFPO (Counts III, V, and VIII).

To establish an age discrimination claim, a plaintiff must establish that "(1) he is at least forty, (2) he is qualified for the job, (3) he suffered an adverse employment action, and (4) he was replaced by another employee who was sufficiently younger so as to support an inference of a discriminatory motive." *Willis v. UPMC Children's Hosp. of Pittsburgh*, 808 F.3d 638, 644 (3d Cir. 2015); *see also Cobetto v. Wyeth Pharms.*, 619 F. Supp. 2d 142, 152 (W.D. Pa. Oct. 15, 2007) ("[T]he Pennsylvania courts interpret the PHRA in accordance with [] the ADEA.").

Plaintiff's bare assertions that he was "replaced" by unnamed younger individuals are insufficient to establish the fourth element. *See Studders v. Geisinger Clinic*, No. 4:20-CV-00914, 2021 WL 510077, at *8-9 (M.D. Pa. Feb. 21, 2021) (dismissing ADEA and PHRA claims where plaintiff in her forties alleged she was replaced by a person in their early thirties, but failed to allege additional facts to support an inference of discrimination); *see also Drummer*, 286 F. Supp. 3d at 682 (dismissing age discrimination claims where plaintiff made only a "bare assertion that he was replaced by a younger secretary"); *see also Cauler v. Lehigh Valley Hosp.*, 654 Fed. Appx. 69, 72 (3d Dist. June 20, 2016) ("[W]e agree that the allegation in the complaint that a 'substantially younger' person was hired does not give rise to an inference of discrimination."); *Holyk v. Scranton Counseling Ctr.*, No. 3:17-0435, 2018 WL 585611, at *5 (M.D. Pa. Jan. 29, 2018) ("As the plaintiff in this case has only alleged that he was replaced by a substantially younger individual, the court will grant the defendant's motion to dismiss[.]"). If simply alleging

an age disparity was sufficient to state a claim, "no employer could replace an employee over the age of forty with a younger candidate without exposing itself to potential liability for age discrimination." *Studders*, 2021 WL 510077, at *9 (internal citations and quotations omitted).

Thus, to plausibly allege the fourth element, Plaintiff must either: (1) allege that similarly situated employees who were not members of the same protected class were treated more favorably under similar circumstances, or (2) allege facts that otherwise show a causal nexus between his age and the adverse employment action. *See id.; see also Drummer,* 286 F. Supp. 3d at 682; *Jackson v. Temple Univ.*, No. 20-1421-KSM, 2021 WL 4399645, at *4 (E.D. Pa. Sept. 27, 2021). As the U.S. Supreme Court has explained, a plaintiff must ultimately show that age is the "but-for" cause of the adverse action. *See Gross v. FBL Financial Servs., Inc.*, 557 U.S. 167, 168 (2009); *see also Clark v. Albright College*, 2022 WL 801941, at *4 (E.D. Pa. Mar. 15, 2022) (dismissing ADEA claim under Rule 12(b)(6) where plaintiff failed to establish age "was the 'but-for' factor in [the] employment decision").

Plaintiff has not alleged facts sufficient to demonstrate that any similarly situated employees younger than 40 years old were treated more favorably under similar circumstances. He alleges that the unnamed woman who assumed the Coordinator position after him was in his protected class. (*See* Am. Compl. ¶ 30) (alleging she was approximately 45 years old). Plaintiff alleges that he was "replaced" as a Lecturer in Foreign Languages by an unidentified individual approximately 30 years younger, but he has not set forth any facts to show that the individual was similarly situated or treated more favorably under similar circumstances. Indeed, even the circumstances surrounding Plaintiff's separation are a mystery in the Amended Complaint. Simply alleging that unidentified persons are younger and concluding that they "replaced" him is not enough. *See Drummer*, 286 F. Supp. 3d at 682; *see also Studders*, 2021 WL 510077, at *8-9.

12

Plaintiff's Amended Complaint is also devoid of any facts to otherwise show a causal nexus between Plaintiff's age and his removal from the Coordinator position or the end of his employment. Plaintiff alleges that Lowry spoke about the "motivation" to end Plaintiff's employment as early as September 2021, and that Lowry and Sharkey stated that Defendants needed to end an "older era" to "make room for new blood" in or around June 2022. (Am. Compl. ¶¶ 55-60, 76.) But these remarks are age-neutral on their face. All other alleged remarks in the Amended Complaint are too vague and conclusory to plausibly support an inference of discriminatory motive based on Plaintiff's age. Even taking Plaintiff's assertions as true, they are, at most, stray remarks that are insufficient to demonstrate age-related animus. *See Udasco-Kist v. Thomas Jefferson Univ. Hosps., Inc.*, No. 19-3176, 2021 WL 254584, at *7 (E.D. Pa. Jan. 25, 2021) ("[S]tray remarks by non-decisionmakers *or by decisionmakers [but] unrelated to the decision process* are rarely given great weight, particularly if they were made temporally remote from the date of decision. . . . A stray remark standing on its own is generally insufficient to demonstrate age-related animus.") (internal citations omitted) (emphasis in original).

Plaintiff has failed to allege any causal connection between his removal from the Coordinator position or the end of his employment, and a few remarks allegedly made at unknown times, by or to unidentified individuals, and without any further details to suggest that were in any way related or directed to Plaintiff and his age. (*See id.* ¶¶ 48-49, 70-71, 78-79, 82-83, 92.) Thus, Plaintiff has failed to adequately plead a claim of disparate treatment based on age. [3]

---

[3] To the extent Plaintiff is attempting to assert a disparate-impact claim under the ADEA, any such claim also fails. To establish a disparate impact claim, a plaintiff must "(1) identify a specific, facially neutral policy, and (2) proffer statistical evidence that the policy caused a significant age-based disparity." *Stouffer v. Union Railroad Company, LLC*, 85 F.5th 139, 146 (3d Cir. 2023). Plaintiff's vague and conclusory references to Defendants' alleged "discriminatory policy" are not sufficient. (*See* Am. Compl. ¶¶ 29, 74-75.) Plaintiff's Amended Complaint lacks any of the necessary factual allegations as to a *specific* policy or statistical disparities. *See Stouffer*, 85 F.5th at 146 (affirming dismissal of disparate-impact claim under the ADEA where the plaintiff asserted only conclusory allegations of a "statistically significant" impact).

**D.    Plaintiff Fails To Allege Sufficient Facts to Plausibly Establish Retaliation Claims Under the ADA, ADEA, PHRA and PFPO (Counts II, IV, VI, and IX).**

To establish a claim of retaliation under the ADA, the ADEA, the PHRA, or the PFPO, a plaintiff must show that: (1) he engaged in protected activity, (2) his employer took an adverse employment action against him, and (3) there was a causal connection between his protected activity and the adverse employment action. *See Gavurnik v. Home Props., L.P*, 227 F. Supp. 410, 420 (E.D. Pa. Jan. 3, 2017) (ADEA and ADA retaliation claims); *see also Joseph v. Continental Airlines*, 126 F. Supp. 2d 373, 376 n.3 (E.D. Pa. Dec. 19, 2000) (PFPO claims); *Huston v. Procter & Gamble Paper Prods. Corp.*, 568 F.3d 100, 104 n.2 (3d Cir. 2009) (PHRA claims).

Plaintiff cannot establish a retaliation claim under any of these laws because he cannot demonstrate that he engaged in protected activity. And even if Plaintiff could establish that any of his conduct constituted protected activity, he has not pled facts to support a plausible inference that there is any causal connection between the activity and his removal from the Coordinator role or the end of his employment.

Plaintiff's Amended Complaint does not identify a single instance in which Plaintiff reported or opposed discrimination, retaliation, or harassment based on his alleged disability or age. Nor does he allege he did so before the employment decisions at issue were made. His vague and conclusory allegations that he reported unspecified "discrimination," without any further details as to what he reported, are insufficient. *See Barbalace v. KenCrest Services, Inc.*, No. 22-258, 2022 WL 1157893, at *2-3 (E.D. Pa. Apr. 19, 2022) (dismissing plaintiff's retaliation claim, pursuant to Rule 12(b)(6), because "[a]s pleaded, his grievances describing disrespect and disparate treatment without any explicit mention of a protected characteristic do not constitute protected activity."); *see also Clark*, 2022 WL 801941, at * 6 ("'[P]rotected activity' contemplates

a party's opposition to an illegal employment practice. It is not simply a catch-all for unfair treatment by an employer.").

Plaintiff has further failed to plead facts sufficient to show that he made any requests for an accommodation before he was removed from the Coordinator position, or before he was notified his employment would end. Defendants could not have retaliated against Plaintiff based on protected activity he did not engage in or requests he never made. Plaintiff has failed to allege facts sufficient to plausibly establish retaliation, and thus, Counts II, IV, VI, and IX should be dismissed.

### E.    Plaintiff Fails To Allege Sufficient Facts to Plausibly Establish a Hostile Work Environment Claim (Count III).

As best as can be surmised from Plaintiff's Amended Complaint, Plaintiff alleges a hostile work environment claim based solely on purported age-related comments. (*See* Am. Compl., ¶¶ 149-152.) Plaintiff's conclusory allegation that Defendants' "age-based comments and conduct were severe and pervasive and occurred on a daily and/or weekly basis" is wholly unsupported by the allegations in the Amended Complaint. (*Id.*) After setting aside Plaintiff's conclusions, as this Court must do, there is nothing in the Amended Complaint to support a hostile work environment claim. *See Malleus*, 641 F.3d at 563.

While the Third Circuit has not confirmed whether hostile work environment claims are viable under the ADEA, courts in this district have held that if they are, the framework for Title VII hostile work environment claims would presumably apply. *See Del Bianco v. 76 Carriage Co.*, No. 2:22-cv- 01152-JDW, 2023 WL 2772121, at *2 (E.D. Pa. April 4, 2023). Under that framework, Plaintiff would need to establish the following elements: (1) he suffered intentional discrimination because of his age; (2) the discrimination was severe or pervasive; (3) the discrimination detrimentally affected him; (4) the discrimination would detrimentally affect a

reasonable person in like circumstances; and (5) the existence of *respondeat superior* liability. *Id.; see also Clark*, 2022 WL 801941, at *6. Hostile work environment claims under the PHRA and the PFPO are governed by the same standards as Title VII claims, and would thus be assessed under the same test. *See Szyper v. Am. Med. Response MidAtlantic, Inc.*, No. 21-3272, 2023 WL 2597585, at *2 (3d Cir. Mar. 22, 2023).

The allegations in Plaintiff's Amended Complaint are a far cry from conduct severe and pervasive enough to create a hostile work environment. A hostile work environment is "permeated with discriminatory intimidation, ridicule, and insult that is sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment." *Del Bianco*, 2023 WL 2772121, at *2.

Plaintiff's attempt to sprinkle his Amended Complaint with remarks that lack any context, such as when they were made, by whom, or to whom, cannot save his claim. There are no facts to plausibly suggest that any conduct or comments by Defendants were sufficiently severe. *See Del Bianco*, 2023 WL 2772121, at *2-3 (finding that the CEO's stray remark about wanting younger employees was not "severe" for purposes of establishing a hostile work environment claim). Nor are there any facts to plausibly suggest that a handful of remarks made at unknown times across Plaintiff's nearly 20-year tenure were sufficiently pervasive. The Third Circuit has explained that it "do[es] not look to the number of incidents in a vacuum," and instead considers the frequency of the allegedly discriminatory conduct. *Nitkin v. Main Line Health*, 67 F.4th 565, 571 (3d Cir. 2023) (finding that neither seven comments spread over a span of three-and-a-half years or one or two statements in a given six-month period indicated severe or pervasive harassment). Accordingly, Plaintiff has failed to state a hostile work environment claim and Count III should be dismissed.

**F.**    **Plaintiff Fails To Allege Sufficient Facts to Plausibly Establish Aiding and Abetting Claims Against the Individual Defendants Under the PHRA and PFPO (Counts VIII and X).**

Plaintiff's failure to demonstrate PHRA and PFPO discrimination and retaliation claims—as set forth in Sections III(B)-(E) above—necessarily dooms his PHRA and PFPO aiding and abetting claims against the Individual Defendants. *See Washington v. Septa*, No. 19-4213, 2021 WL 2649146, at *32 (E.D. Pa. June 28, 2021); *Kaniuka v. Good Shepherd Home*, No. 05-CV-02917, 2006 WL 2380387, at *10 (E.D. Pa. Aug. 15, 2006) ("Individual defendants cannot violate the PHRA section 955(e) when there is no corresponding section 955(e) violation by an employer to aid and abet"). Plaintiff's Amended Complaint does not set forth facts to plausibly establish discrimination or retaliation for the Individual Defendants to have aided and abetted.

Additionally, Plaintiff's Amended Complaint largely refers to Defendants collectively and does not state what unlawful actions or inactions the Individual Defendants allegedly took. (*See, e.g.,* Am. Compl. ¶¶ 29, 33, 43, 44, 46, 52, 63, 69, 70, 73, 74, 81, 82, 85, 91, 103, 110.) Individually named defendants cannot fairly be maintained as defendants merely by association with Penn or by general allegations concerning them as a group. *See Menkowitz v. Pottstown Memorial Medical Center*, No. 97-2669, 1999 WL 410362, at *3 (E.D. Pa. June 21, 1999). "[A] plaintiff generally cannot state a claim by repeatedly and collectively referring to the 'Defendants' as a group without clarifying the specific basis for each Defendant's liability." *Hainey v. Carney*, No. 22-1387, 2022 WL 1308510, at *10 (E.D. Pa. May 2, 2022) (citing *Lawal v. McDonald*, 546 F. App'x 107, 113 (3d Cir. 2014)).

The few allegations that mention the Individual Defendants are too vague, conclusory, and speculative to support a viable claim. Plaintiff alleges that "[d]iscriminatory comments about replacing older employees with younger people were made," on unspecified occasions and to

17

unidentified individuals, "by people like . . . Joseph Lowry, Heather Sharkey and Christina Frei." (Am. Compl. ¶ 77.) However, Plaintiff does not set forth any specific examples of such statements in his Amended Complaint. Instead, he tries to skate by with vague and conclusory allegations about comments made at unspecified times, to unidentified people, and which are age-neutral once stripped of Plaintiff's own speculation and conclusions. Plaintiff's naked assertions about the Individual Defendants, which are devoid of further factual enhancement, fail to state a viable claim against them. *See Iqbal*, 556 U.S. at 678.

Accordingly, Plaintiff has failed to allege facts sufficient to plausibly establish PHRA and PFPO claims under a theory of aiding and abetting discrimination or retaliation, and thus, Counts VIII and X should be dismissed.

## IV.    CONCLUSION

For the reasons stated above, all of Plaintiff's claims against Defendants fail as a matter of law. As a result, the Court should dismiss all claims against the Defendants in their entirety, with prejudice.

Dated: October 11, 2024          Respectfully Submitted,

**BAKER & MCKENZIE LLP**

By:  */s/ Jeffrey A. Sturgeon*
Jeffrey A. Sturgeon (PA ID No. 93750)
452 Fifth Avenue
New York, NY 10018
Tel: +1 212 626 4339
Jeffrey.Sturgeon@bakermckenzie.com
***Counsel for Defendants***

18

## CERTIFICATE OF SERVICE

I, Jeffrey A. Sturgeon, hereby certify that on October 11, 2024, a true and correct copy of the Memorandum in Support of Defendants' Motion to Dismiss Plaintiff's First Amended Complaint was filed electronically and is available for viewing and downloading from the ECF system of the U.S. District Court for the Eastern District of Pennsylvania, and that I served the same via electronic filing on October 11, 2024 upon the following:

Seth D. Carson, Esquire
1628 Packer Ave.
Philadelphia, Pennsylvania 19145
Phone: 215.391.4102
Email: *seth@carsonlegalgroup.com*
**Counsel for Plaintiff Mbarek Sryfi**


*/s/ Jeffrey A. Sturgeon*
Jeffrey A. Sturgeon