**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

MBAREK SRYFI,

                Plaintiff,

v.

TRUSTEES OF THE UNIVERSITY OF
PENNSYLVANIA,

                Defendants.

Civil Action No. 2:24-cv-00567-JP

**PLAINTIFF, MBAREK SRYFI'S MEMORANDUM
IN OPPOSITION TO DEFENDANTS' MOTION TO
DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT**

Plaintiff, Mbarek Sryfi ("Mr. Sryfi" or "Plaintiff"), by and through undersigned counsel,
hereby files this Memorandum of Law in Opposition to Defendants, Trustees of the University of
Pennsylvania and the individual Defendants' Motion to Dismiss.   For the reasons set forth
below, Defendants' Motion to Dismiss Plaintiff's Complaint should be denied.

## I.      INTRODUCTION

In 2004, Plaintiff, Mbarek Sryfi began his employment with Trustees of the University
of Pennsylvania as a Lecturer in Foreign Languages assigned to the Department of Near Eastern
Languages and Civilizations. *See Plaintiff's First Amended Complaint* (ECF, Document 11, ¶
13) (hereinafter "Doc. 11").   Mbarek Sryfi continued his employment from 2004 until 2023
when Mr. Sryfi was terminated from his employment. (Doc. 11, ¶¶ 11 and 25).   Mr. Sryfi was
born on May 21, 1961, which makes him 63 years old. *Id*. at ¶¶ 1 and 2.   He was 62 years old
when Defendants terminated his employment. *Id*.   Accordingly, Mbarek Sryfi has established
that he is a member of a protected class under the Age Discrimination in Employment Act
("ADEA"), the Pennsylvania Human Relations Act ("PHRA"), and the Philadelphia Fair

Practices Ordinance ("PFPO").   Mbarek Sryfi's First Amended Complaint is a credible, compelling narrative that is supported by evidence that Plaintiff will unearth through discovery if given the opportunity. The Defendants disparate treatment of Plaintiff was the second example of Defendants' conduct in a one year period.  In 2022, Emad Rushdie (2:22-cv-05030-JMY) was subjected to almost identical disparate treatment and retaliation by the same group of decision makers. *Id*.  Mbarek Sryfi included the narrative of Emad Rushdie as part of the evidence in the instant matter, as Defendants attempted to use Mbarek Sryfi to substantiate the termination of Rushdie.  Once Emad Rushdie was terminated, Defendants turned their eyes toward Sryfi. Mbarek Sryfi, an employee for Defendants of twenty (20) years was targeted by Defendants with the same playbook used as the pretext for Rushdie.  Defendants stated that Rushdie and Sryfi were going to be terminated to make room for younger employees to step into their shoes.  And Defendants were true to their word.  Emad Rushdie was replaced with an individual more than ten years his junior.  Mbarek Sryfi was replaced with an individual who was about thirty years his junior.  Mbarek Sryfi's First Amended Complaint would survive a far more stringent pleading standard than that which is applied in the Third Circuit.  As is illustrated below, Mbarek Sryfi's claims are supported by direct evidence and circumstantial evidence.  The claims satisfy the "reasonable expectation" standard that discovery will reveal the necessary elements. Accordingly, Plaintiff requests that Defendants Motion to Dismiss be denied.

## II.     STANDARD OF REVIEW

In deciding a Motion to Dismiss under 12(b)(6), courts must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable pleadings of the complaint, the plaintiff may be entitled to relief." *Phillips v. City of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008) (internal quotations and

citations omitted). "A claim has factual plausibility when a plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. at 678 (*citing Twombly*, 550 U.S. at 556). A claim satisfies the plausibility standard when the facts alleged "allow the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Burtch v. Milberg Factors. Inc.*, 662 F.3d 212, 220- 21 (3d Cir.2011) (citing Iqbal, 556 U.S. at 678, 129 S.Ct. I 937). This "does not impose a probability requirement at the pleading stage" but instead "simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of the necessary elements." *Weems*, 804 F.Supp.2d at 341; *see also Phillips v. County of Allegheny*, 515 F.3d 224, 234 (3d Cir. 2008)(*quoting Twombly*, 550 U.S. at 556).

### III.    ARGUMENT

#### A.  <u>Plaintiff not required to establish a prima facie case at the pleading stage.</u>

Plaintiffs are not required to satisfy prima facie elements at the pleading stage. *See Offer v. Hershey Entm't & Resorts Co.*, No. 1:19-CV-1078, 2020 U.S. Dist. LEXIS 106800, at *8 (M.D. Pa. June 18, 2020):

> Claims for discrimination or retaliation will survive a motion to dismiss if the plaintiff pleads factual allegations that "raise a reasonable expectation that discovery will reveal evidence" of the prima facie elements. *Id*. at 789 (citations omitted). In other words, plaintiffs asserting discrimination or retaliation claims need not establish a prima facie case at the pleading stage—"[a] prima facie case is 'an evidentiary standard, not a pleading requirement.'" Id. (*quoting Swierkiewicz v. Sorema*, N.A., 534 U.S. 506, 510, 122 S. Ct. 992, 152 L. Ed. 2d 1 (2002)). *Id*.

The prima facie elements in a discrimination context apply to motions for summary judgment. When considering a complaint, the question is whether the claims raise a reasonable expectation that discovery will reveal evidence of the necessary elements. *Phillips v. County of Allegheny*, 515 F.3d 224, 234 (3d Cir. 2008)(*quoting Twombly*, 550 U.S. at 556). Courts

including the United States Supreme Court have universally held that the *McDonnel Douglas* burden-shifting framework does not apply on a motion to dismiss because it is an evidentiary standard **not a pleading requirement**. *Swierkiewicz v. Sorema N. A.*, 534 U.S. 506,510 (2002). The Supreme Court of the United States held in *Swierkiewicz v. Sorema N. A.,* 534 U.S. 506 (2002) the *McDonnel Douglas* burden shifting framework does not apply at the pleading stage:

1. In reviewing a motion to dismiss, the court must accept as true all of the factual allegations contained in the complaint;
2. The complaint in an employment discrimination suit need not contain specific facts under the <u>McDonnell Douglas</u> burden-shifting framework, but instead, must contain only a short and plain statement of the claim showing that the pleader is entitled to relief under the employment discrimination statute at issue; and
3. The burden-shifting framework under McDonnell Douglas is an evidentiary standard NOT a pleading requirement.

*Swierkiewicz v. Sorema N. A.*, 534 U.S. 506, 510 (2002).

*See also Connelly v. Lane Const. Corp.*, 809 F.3d 780, 789 (3d Cir. 2016) ("It is thus worth reiterating that, at least for purposes of pleading sufficiency, a complaint need not establish a prima facie case in order to survive a motion to dismiss.

Notwithstanding, Plaintiff's First Amended Complaint goes beyond what is sufficient to survive a 12(b)(6) motion and conclusively establishes the prima facie elements according to well established Third Circuit caselaw.

**B. <u>Plaintiff's age claims are sufficiently pled as Plaintiff, Mbarek Sryfi has established that he was terminated and replaced by individuals 17 years younger and 30 years younger, in addition to the compelling conduct and comments about Plaintiff's age and the age of another older Arabic Lecturer who received the same treatment only one year prior to Plaintiff's termination.</u>**

Plaintiff, Mbarek Sryfi has pled facts that conclusively prove that at the age of 62 when terminated, he was a member of a protected class under the ADEA. (Doc. 11, ¶¶ 1 and 2). Mr. Sryfi pled that he was employed by Defendants for two decades and in the years prior to his

termination, held the position of Coordinator of the Arabic Program. *Id.* at ¶¶ 25, 26, 27.  Mr. Sryfi pled that he was consulted by tenured professors including the former Chair of the department in which Mr. Sryfi worked. *Id.* at ¶ 28.  Mbarek Sryfi was terminated by Defendants through adverse action that occurred in 2022 and 2023, when he was removed from the Coordinator position and then separated from his employment. *Id.* at ¶¶ 29, 30, 31, 32, 33. Regarding the Coordinator position, Defendants replaced Ms. Sryfi with an employee who was seventeen (17) years younger. *Id.* at ¶ 30. Then Defendants replaced Mr. Sryfi with an employee who was thirty (30) years younger. *Id.* at ¶ 31.




As a demonstrable aid, the two individuals who replaced Mbarek Sryfi are Radwa El Barouni for Arabic Coordinator and Abdulrahman Atta for the Arabic Lecturer position in 2023.[1]

Mbarek Sryfi's First Amended Complaint goes far beyond the ADEA prima facie elements for a disparate treatment case which are established by demonstrating that a member of a protected class was terminated and replaced by a substantially younger individual.

A prima facie case of age discrimination, includes the following: 1) plaintiff is a member of the protected class, i.e., she is at least 40 years old; 2) she is qualified for the position in question; 3) she suffered an adverse employment action; and 4) the circumstances surrounding

---

[1] https://melc.sas.upenn.edu/people/language-faculty
https://melc.sas.upenn.edu/people/abdulrahman-atta
https://melc.sas.upenn.edu/people/radwa-el-barouni
The names and positions of the language instructors who replaced the older employees that were terminated to make room for younger employees is publicly available information.

the adverse action "could give rise to an inference of intentional discrimination." *Burton v. Teleflex Inc.*, 707 F.3d 417, 426 (3d Cir. 2013) (*quoting Makky v, Chertoff*, 541 F.3d 205, 214 (3d Cir. 2008)).

> "Here, plaintiff alleges that she is a member of the protected class in that she was born on December 9, 1958 and was thus over the of forty in 2021 when her employment was terminated. (Doc. 1, Compl. ¶ 25). She suffered an adverse employment action when defendant terminated her employment. (Id. ¶ 27). To establish circumstances that could give rise to an inference of intentional age discrimination, plaintiff alleges that she performed her job well but was replaced by a younger individual outside of the protection of the ADEA. (*Id.*) It appears, therefore, the plaintiff has sufficiently alleged an ADEA claim."

The Third Circuit Court of Appeals has explained that "proof that the replacement [of an employee alleging age discrimination] is significantly younger can satisfy the fourth prong of a prima facie case [inference of discrimination]." *Martinez v. UPMC Susquehanna*, 986 F.3d 261, 266 (3d Cir. 2021). Defendant argues that Martinez requires more than an allegation that defendant replaced plaintiff with someone significantly younger. The Martinez court stated, however, that the "***factual allegations of age difference are enough***" to meet plaintiff's age discrimination prima facie case. *Id.* at 267. Additionally, plaintiff alleges more than she was replaced by someone younger. She also alleges that she performed her job well and had done so for many years, before her termination. (Doc. 1, Compl. ¶¶ 10-11). Accordingly, the court concludes that plaintiff has made sufficient allegations [*10] to overcome defendant's motion to dismiss her age discrimination claim. *Goughenour v. PNC Bank, N.A. "PNC"*, 2024 U.S. Dist. LEXIS 166936, *8-10.

"To survive a motion to dismiss in an employment discrimination context, a complaint must present factual allegations that would 'raise a reasonable expectation that discovery will reveal evidence of the necessary element[s]' of the prima facie case." *White v. FedEx Corp.*, No.

1:19-CV-00325, 2019 U.S. Dist. LEXIS 177173, 2019 WL 5102168, at *2 (M.D. Pa. Oct. 11, 2019) (*quoting Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 232 (3d Cir. 2008)) (brackets in original). *Chirico v. Borough of Del. Water Gap*, 2024 U.S. Dist. LEXIS 78183, *18.  By Alleging That His Replacements Were "Significantly Younger," Martinez Properly Pleaded Age Discrimination.  The issue here is whether the phrase "significantly younger" is a factual allegation that the District Court must take as true, or instead a legal conclusion. We hold that it is factual. To survive a motion to dismiss, Martinez did not have to allege his replacements' exact ages or specialties. *Martinez v. UPMC Susquehanna*, 986 F.3d 261, 265.

"The replacements' exact ages are not ultimate issues or even legally mandated elements. Indeed, no minimum age gap is needed to find that the replacement is "sufficiently younger." *Barber v. CSX Distrib. Servs*., 68 F.3d 694, 699 (3d Cir. 1995). True, proof that the replacement is significantly younger can satisfy the fourth prong of a prima facie case. But claims premised on direct evidence of age discrimination do not require a prima facie case at all. *Swierkiewicz*, 534 U.S. at 511.

Even circumstantial-evidence cases do not always require an age gap or a direct replacement. The plaintiff can instead allege actions by an employer that, "if otherwise unexplained, are more likely than not based on the consideration of impermissible factors." *Willis*, 808 F.3d at  [*267]  644 (quoting Pivirotto v. Innovative Sys., Inc., 191 F.3d 344, 352 (3d Cir. 1999)). An example would be when a defendant "continued to seek applicants from among those having plaintiff's qualifications." Barber, 68 F.3d at 698 (internal quotation omitted). *Martinez v. UPMC Susquehanna*, 986 F.3d 261, 266-267.

Mbarek Sryfi was not the only Arabic Lecturer who was subjected to disparate treatment based on his age and disabled status. (Doc. 11, ¶¶ 40, 41, 42, 43.  Only one year prior to Mbarek

Sryfi's termination, another Arabic Lecturer named Emad Rushdie, age fifty-six (56) was also terminated. *Id*. Emad Rushdie began his employment for Defendants in 2003 and continued until 2022. *Id*. Accordingly, Defendants ended the employment of their two oldest Arabic Lecturers in a one year period so that they could be replaced with employees who were significantly younger. *Id*. ¶¶ 41, 42, 44. The excuses provided by Defendants for the terminations of NELC's senior-most Arabic Lecturers, both of whom had been employed for approximately twenty (20) years, was the same. *Id*. 45. Defendants used almost identical excuses as the pretext for the age-based terminations by claiming performance issues. *Id*. However, Mbarek Sryfi had no performance issues to speak of in his twenty years of employment. *Id*. ¶¶ 35, 37, 67, 68, 72.

Plaintiff has already demonstrated the sufficiency of his pleading, however, in addition to the above, there were also a significant number of comments and conduct that provides direct evidentiary support for the disparate treatment based on age and disability status.

> "Defendants announced a plan to make the Arabic Program in the NELC department younger and stated that their plan required them to terminate the older LFLs including Mbarek Sryfi so that they could be replaced and so that they could end an "era that needed to end." *Id*. ¶ 43.

> "… Defendants stated that there was a plan in place to make the Arabic program younger. Defendants stated that they were looking to end the employment of Emad Rushdie. Defendants stated that they had to terminate Mbarek Sryfi in order to complete a plan aimed at ending an era that needed to end." *Id*. ¶ 46.

> "Paul Cobb who was Chair of the NELC department at the time, stated that the objective was to hire "younger lecturers" with "more energy." *Id*. ¶ 48.

> "Heather Sharkey and Christina Frei said that Emad Rushdie was "getting old" and that the University was looking for someone "more energetic." *Id*. ¶ 49.

> Mbarek Sryfi was told that the reason for the separation of employment was due to Mbarek Sryfi's age. *Id*. ¶ 55.

> Plaintiff was told that the termination was part of a plan to end the employment of older employees and make room for younger employees. *Id*. ¶ 56.

Plaintiff was told that he was part of an older generation that needed to be replaced. *Id*. ¶ 57.

The words said to Plaintiff were that Plaintiff was part of an "older era that needed to end." *Id*. ¶ 58.

Plaintiff was informed that the plan was to replace older employees with younger employees. The terminology that was used to express these objectives was that they needed to "make room for new blood." *Id*. ¶ 59.

There is both direct and circumstantial evidence that supports Plaintiff's claims.  Plaintiff's civil action complaint provides a compelling and credible narrative about four individuals with supervisory authority in Dean Jeffrey Kallberg, Chair of the Department, Heather Sharkey, Department Leader, Joseph Lowery, and Department Leader, Christina Frei (the four individual Defendants), who used that authority to target and terminate two employees because they got too old.  Two Arabic Lecturers with spotless records, no discipline, no performance issues, and twenty years of dedication to the department got too old, so the individual Defendants made a plan to get rid of both of them, one in 2022 and the other in 2023. *Id*. ¶¶ 24-38.   There was a coordinated effort to violate the rights of Emad Rushdie and Mbarek Sryfi. *Id*.   Mbarek Sryfi's case is sufficiently pled for both his disability and age claims. Defendants responded to Plaintiff's initial Complaint (Doc. 1) with an Answer (Doc. 5).  Plaintiff's First Amended Complaint was filed to streamline the pleading.  Plaintiff removed claims for national origin and race discrimination and added claims under the Pennsylvania Human Relations Act and the Philadelphia Fair Practices Ordinance as these Commonwealth and City claims were not yet ripe for suit when the initial complaint was filed.  With the City and Commonwealth claims added claims to clarify the reasons for including the four individual Defendants. See (Doc. 11, ¶¶ 9-14).  *See Id*. ¶¶ 47, 49, 60, 76, 77, 78, 79, 112.  These paragraphs establish that the individual who subjected Plaintiff to the age based conduct and comments were the four individual Defendants.  They were also the parties that

worked together to form a plan to violate Plaintiff's rights under the ADEA and ADA. This plan

was executed by the same four individuals and the result was Plaintiff's unlawful termination.

    **C.**    **Plaintiff's claims under the ADEA, PHRA, and the PFPO receive the same**
**analysis and satisfy the prima facie elements promulgated by the Third Circuit**
**and provided in the Third Circuit jury instructions.**

      Plaintiff's claims under the ADA, ADEA, PHRA, and the PFPO are analyzed under the

same legal framework of determining whether the claims require Plaintiff to establish direct

evidence or circumstantial evidence. For circumstantial evidence cases, the burden shifting

analysis under McDonald-Douglas is relied upon. Because such claims are analyzed under similar

legal frameworks, they [can] be considered together. *See Kelly v. Drexel Univ.*, 94 F.3d 102, 105

(3d Cir. 1996) (discrimination claims under Title VII, the ADA, the ADEA, and the PHRA are

interpreted co-extensively); *Joseph v. Cont'l Airlines, Inc.*, 126 F. Supp.2d 373, 376 n.3 (E.D. Pa.

2000) (analyzing PFPO claims under Title VII standard). The ADEA provides, in relevant part,

that "[i]t shall be unlawful for an employer (1) to fail or refuse to hire or to discharge any

individual or otherwise discriminate against any individual with respect to his compensation,

terms, conditions, or privileges of employment, because of such individual's age." 29 U.S.C. §

623(a)(1); *see also* 43 Pa. C.S. § 955(a) (corresponding provision of the PHRA); Phila. Code § 9-

1103 (corresponding provision of the PFPO). Because Plaintiff relies on circumstantial evidence,

the burden-shifting framework established by *McDonnell Douglas Corp. v. Green*, 411 U.S. 792,

93 S. Ct. 1817, 36 L. Ed. 2d 668 (1973) applies. *Willis v. UPMC Children's Hosp. of Pittsburgh*,

808 F.3d 638, 644 (3d Cir. 2015). Under the first step of the *McDonnell Douglas* framework, the

employee bears the burden of establishing a *prima facie* case of discrimination. [*9] *Burton v.*

*Teleflex Inc.*, 707 F.3d 417, 426 (3d Cir. 2013). "[T]he burden of production [then] shifts to the

defendant to offer a legitimate non-discriminatory [justification] for the adverse employment

action." *Id.* (first alteration added) (quoting *Smith v. City of Allentown*, 589 F.3d 684, 690 (3d Cir. 2009)). In the third and final step, "the burden of production [shifts] back to the plaintiff to provide evidence from which a factfinder could reasonably infer that the employer's proffered justification is merely a pretext for discrimination." *Id.* "The elements of a *prima facie* case of age discrimination are that: (1) the plaintiff is at least forty years old; (2) the plaintiff suffered an adverse employment decision; (3) the plaintiff was qualified for the position in question; and (4) the plaintiff was ultimately replaced by another employee who was sufficiently younger so as to support an inference of a discriminatory motive." *Willis*, 808 F.3d at 644. Defendant assumes that Plaintiff has made a *prima facie* case for age discrimination with regards to her termination. Therefore, it is appropriate to proceed directly to the second step of the *McDonnell Douglas* analysis. The employer's burden of proffering a legitimate non-discriminatory reason for its conduct is "relatively light" and "is satisfied [*10] if the employer provides evidence, which, if true, would permit a conclusion that it took the adverse employment action for a non-discriminatory reason." *Burton*, 707 F.3d at 426. Once the Defendants presents the so-called "legitimate reason" for Plaintiff's termination, or other adverse employment action, the burden comes back to Plaintiff to prove that Defendants articulated reason is pretext for discrimination. To show that Defendant's explanation is pretextual, Plaintiff need not proffer affirmative evidence of discrimination. *Kautz v. Met-Pro Corp.*, 412 F.3d 463, 467 (3d Cir. 2005). But she "must point to some evidence, direct or circumstantial, [*11] from which a factfinder could reasonably either (1) disbelieve the employer's articulated legitimate reasons; or (2) believe that an invidious discriminatory reason was more likely than not a motivating or determinative cause of the employer's action." *Fuentes v. Perskie*, 32 F.3d 759, 764 (3d Cir. 1994). Plaintiff's evidence falls into the first category: reasonable disbelief. "In order to raise sufficient disbelief,

the evidence must indicate 'such weaknesses, implausibilities, inconsistencies, incoherencies, or contradictions in the employer's proffered legitimate reasons' to satisfy the factfinder that the employer's actions could not have been for nondiscriminatory reasons." *Willis*, 808 F.3d at 644-45 (citing *Fuentes*, 32 F.3d at 765). This standard requires the non-movant to "present evidence contradicting the core facts put forward by the employer as the legitimate reason for its decision." *Kautz*, 412 F.3d at 467. *Wolf v. Temple Univ*., 2022 U.S. Dist. LEXIS 66223, *8-11.

When considering Plaintiff's claims for hostile work environment, disparate treatment, retaliation, and aiding and abetting, Plaintiff's First Amended Complaint satisfies the legal standard required to move Plaintiff's case onto the discovery phase. Plaintiff has pled facts that if true satisfy all of the legal standards required for a jury to find for the Plaintiff at trial. Plaintiff clearly described his disability and protected activity under the ADA. *See* (Doc. 11, ¶¶ 1-7). Mbarek Sryfi suffered permanent injuries in a severe auto wreck in 2008, while he was employed by Defendants. The injuries Mr. Sryfi suffered are degenerative and worsened with age until Plaintiff requested reasonable accommodations. *Id*. ¶¶ 100-107. Defendants explanation for refusing the accommodations with no interactive process was that Mr. Sryfi that he "just a Lecturer." *Id*. Mr. Sryfi was informed that had he been "actual faculty" his request might have had a chance for approval. *Id*. In the year prior to his termination, Mr. Sryfi was removed from the Coordinator position and subjected to continuous conduct and comments disparaging Plaintiff due to his age and disabled status. *Id*. 47, 48, 49, 50, 58, 151, 152, 153. Defendants openly targeted Mbarek Sryfi and built a case against him as part of the coordinated effort to violate Mr. Sryfi's rights. *Id*. ¶¶ 59, 60, 76, 77, 78, 79, 82. The Defendants attack worked and Mbarek Sryfi suffered an emotional breakdown which resulted in Mr. Sryfi seeking medical attention and needing to take time off of work in his final year of employment, after the

decision was made to terminate. *Id*. ¶¶ 83, 84, 85, 86, 87, 92.

## IV.    CONCLUSION

For the reasons set forth above, Plaintiff requests that Defendants' Motion to Dismiss be denied.


**SETH D. CARSON, ESQUIRE**

By:    /s/ Seth D. Carson
Seth D. Carson, Esquire
1628 Packer Avenue
Philadelphia, Pennsylvania 19145
Phone: 484.678.2210
Email: seth@CarsonLegalGroup.com

DATE: October 28, 2024




## CERTIFICATE OF SERVICE


Plaintiff's above Memorandum of Law and Fact in Opposition to Defendants' Motion to

Dismiss was filed using the Court's ECF system and served upon Defendants by way of ECF.


Jeffrey A. Sturgeon
Remy Snead
Baker & McKenzie LLP
1650 Market Street, West Suite 3600

Philadelphia, PA 19103
Tel: +1 212 626 4339
Mobile: +1 215 704 6113
jeffrey.sturgeon@bakermckenzie.com
Remy.snead@bakermckenzie.com

**SETH D. CARSON, ESQUIRE**

By:    /s/ Seth D. Carson
          Seth D. Carson, Esquire
          1628 Packer Avenue
          Philadelphia, Pennsylvania 19145
          Phone: 484.678.2210
          Email: seth@CarsonLegalGroup.com

DATE: October 28, 2024