**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| MBAREK SRYFI, | Civil Action No. 2:24-cv-00567-JP |
| Plaintiff, | Judge John R. Padova |
| v. | |
| TRUSTEES OF THE UNIVERSITY OF PENNSYLVANIA, HEATHER SHARKEY, CHRISTINA FREI, JEFFREY KALLBERG, AND JOSEPH LOWRY, | |
| Defendants. | |

**DEFENDANTS' REPLY BRIEF IN SUPPORT OF THEIR MOTION TO DISMISS THE AMENDED COMPLAINT**

# TABLE OF CONTENTS

Page

I.    INTRODUCTION ................................................................................................................1

II.   ARGUMENT ......................................................................................................................2

    A.    Plaintiff Appears to be Withdrawing Discrimination Claims Based on Race and
Religion .............................................................................................................................2

    B.    Plaintiff's Claim for Disability Discrimination Fails Because He Has Not Pled
Essential Elements of a Disability Claim ........................................................................3

    C.    Plaintiff Misstates the Pleading Standard for Age Discrimination Claims and Fails
to Adequately Plead a Claim ...........................................................................................4

    D.    Plaintiff's Opposition Adds Nothing to Conclusory Retaliation Allegations .....................6

    E.    The Amended Complaint Fails to Plead a Hostile Work Environment Claim
Because the Allegations, Even if True, do not Meet the Severe and Pervasive Standard ...........8

    F.    The Aiding and Abetting Claims Should be Dismissed Because No Facts Were
Pled to Support Liability for the Newly Added Individual Defendants ......................................9

III.  CONCLUSION ..................................................................................................................10

## TABLE OF AUTHORITIES

**Page(s)**

CASES

*Barbalace v. KenCrest Services, Inc.*,
    No. 22-258, 2022 WL 1157893 (E.D. Pa. Apr. 19, 2022).........................................................7

*Cauler v. Lehigh Valley Hosp., Inc.*,
    654 F. App'x 69 (3d Cir. 2016).................................................................................................5

*Clark v. Albright Coll.*,
    No. CV 19-2610, 2022 WL 801941 (E.D. Pa. Mar. 15, 2022)...................................................6

*Curay-Cramer v. Ursuline Acad. of Wilmington, Delaware, Inc.*,
    450 F.3d 130 (3d Cir. 2006)......................................................................................................7

*Del Bianco v. 76 Carriage Co.*,
    No. 2:22-CV-01152-JDW, 2023 WL 2772121 (E.D. Pa. Apr. 4, 2023) ...................................8

*Drummer v. Trs. of the Univ. of Pa.*,
    286 F. Supp. 3d 674 (E.D. Pa. Dec. 11, 2017).....................................................................3, 4

*Goughenour v. PNC Bank, N.A.*,
    No. 3:23CV2055, 2024 WL 4217523 (M.D. Pa. Sept. 17, 2024)..............................................5

*Hainey v. Carney*,
    No. 22-1387, 2022 WL 1308510 (E.D. Pa. May 2, 2022)........................................................9

*Lawal v. McDonald*,
    546 F. App'x 107 (3d Cir. 2014) ............................................................................................10

*Martinez v. UPMC Susquehanna*,
    986 F.3d 261 (3d Cir. 2021)..................................................................................................4, 5

*Smallwood-Jones v. Thomas Jefferson Univ. Hosps., Inc.*,
    No. CV 22-3168, 2023 WL 1102333 (E.D. Pa. Jan. 30, 2023) .................................................5

*Studders v. Geisinger Clinic*,
    No. 4:20-CV-00914, 2021 WL 510077 (M.D. Pa. Feb. 21, 2021)............................................5

*Udasco-Kist v. Thomas Jefferson Univ. Hosps., Inc.*,
    No. 19-3176, 2021 WL 254584 (E.D. Pa. Jan. 25, 2021.)........................................................6

*Vu v. Kott*,
    No. 5:23-CV-03336-JMG, 2024 WL 2802849 (E.D. Pa. May 31, 2024) .................................9

**Statutes**

Americans With Disabilities Act .......................................................................... *passim*

Age Discrimination in Employment Act ............................................................. *passim*

**Other Authorities**

Fed. R. Civ. P. 12(b)(6)........................................................................................ *passim*

## I.    INTRODUCTION

Plaintiff's Opposition ("Opp.") (ECF No. 16) confirms and highlights the deficiencies in his First Amended Complaint ("Am. Compl.") (ECF No. 11). Rather than respond to Defendants' arguments, the Opposition largely repeats the same conclusory assertions contained in the Amended Complaint and mischaracterizes binding authority from this Circuit. The Amended Complaint should be dismissed in its entirety.

*First*, the Amended Complaint continues to plead (although with no factual allegations to support them) claims based on race and religion. Plaintiff's Opposition seems to suggest that Plaintiff is not pursuing those claims but it is impossible to determine with certainty. Regardless, no factual allegations have been pled to support discrimination claims based on race or religion, so they should be dismissed.

*Second*, the Amended Complaint does not identify Plaintiff's qualifying disability or describe how it affected his ability to perform the essential functions of his job. The Amended Complaint also offers no specificity on the nature of the accommodation he allegedly requested. Plaintiff's Opposition simply describes his alleged injuries from a 2008 car accident as "permanent" and "degenerative," and provides no legal authority (because none exists) to support the proposition that a complaint for disability discrimination can proceed past the pleading stage if it fails to plead these essential elements of a disability claim.

*Third*, as to Plaintiff's age discrimination claim, the Opposition misrepresents Third Circuit law by claiming that allegations that an employee's replacement is "significantly younger" are sufficient to "give rise to an inference of intentional age discrimination." Instead, as explained below, a plaintiff in the Third Circuit must include "added suspicious details," a requirement that Plaintiff cannot satisfy with sporadic references to vague and conclusory comments that routinely

fail to identify either the identity of the speaker, the subject of the comment, or even the approximate date or time when the comment occurred.

*Fourth*, the only mention of Plaintiff's retaliation claims in his Opposition is a perfunctory statement that the allegations in his Amended Complaint entitle him to discovery. The Opposition makes zero mention of any alleged protected activity in which Plaintiff engaged, which is not a surprise because the Amended Complaint does not adequately plead any protected activity. Nor does the Opposition cite to any legal authority that the type of allegations in the Amended Complaint are enough to plead a viable retaliation claim.

*Fifth*, Plaintiff's Opposition does nothing to save his hostile work environment claim. The Opposition cites to vague statements often not directed at Plaintiff, without any legal authority to support his argument that unspecified comments made at unspecified times to unspecified people meet the "severe and pervasive" standard.

*Sixth*, Plaintiff's Opposition argues his aiding and abetting claims clarify the basis for including the four individual defendants, yet both the Opposition and the Amended Complaint routinely refer collectively to the 'Defendants' and include nothing but vague allegations that fail to clarify the specific basis for each Defendant's liability.

For these reasons, explained further below, and those in Defendants' Motion to Dismiss, the Court should dismiss Plaintiff's Amended Complaint in its entirety without leave to amend.

## II.    ARGUMENT

### A.  Plaintiff Appears to be Withdrawing Discrimination Claims Based on Race and Religion.

Count VIII in the Amended Complaint alleges "violations of the Philadelphia Fair Practice Ordnance due to Defendants' discrimination against Plaintiff due to Plaintiff's race, age, religion and disability." (Am. Compl. ¶ 177). Plaintiff's Opposition states that "Plaintiff's First Amended

Complaint was filed to streamline the pleading. Plaintiff removed claims for national origin and race discrimination and added claims under the Pennsylvania Human Relations Act and the Philadelphia Fair Practices Ordinance as these Commonwealth and City claims were not yet ripe for suit when the initial complaint was filed." (Opp. 9). It is unclear what that means. Regardless, no facts have been pled to support discrimination claims based on Plaintiff's race or religion. They should be dismissed.

### B. Plaintiff's Claim for Disability Discrimination Fails Because He Has Not Pled Essential Elements of a Disability Claim.

Plaintiff's Amended Complaint alleges Plaintiff suffered from "a trauma related condition and permanent injury to his neck, back and left knee" (Am. Compl. ¶ 4) from a 2008 car accident and then restates the legal standard for a qualified disability under the ADA. (Am. Compl. ¶ 102). As explained in Defendants' Motion to Dismiss, Plaintiff fails to specify his alleged disability, fails to allege specific facts to support the assertion that he could perform the essential functions of his job with or without reasonable accommodations, and does not tie his alleged disability to any adverse employment action. In short, he has not pled the essential elements of a disability claim.

Plaintiff's Opposition does not add much. He describes his injuries as "permanent," and "degenerative," but provides no additional details about his alleged disability. (Opp. 12). Plaintiff's Opposition also fails to specify how those injuries affected his ability to perform the essential functions of his job, which he must do at this stage of the case. *See Drummer v. Trs. of the Univ. of Pa.*, 286 F. Supp. 3d 674, 683 (E.D. Pa. Dec. 11, 2017) (holding on a motion to dismiss that "Plaintiff must allege *specific facts* to support his assertion that he could perform the essential functions of his job with or without reasonable accommodations.") (emphasis added). Thus, his disability discrimination claim fails.

As to Plaintiff's failure to accommodate claim, Plaintiff's Opposition does not bolster the Amended Complaint's conclusory allegations that Defendants failed to accommodate his alleged disability.  Plaintiff provides no information on when he requested an accommodation or what accommodations he required.  Instead, Plaintiff's Opposition simply refers back to a single isolated comment made by an unspecified individual at an unspecified time about some unspecified request for an unknown accommodation, when someone allegedly said to Plaintiff that he was "just a lecturer" rather than "actual faculty."  (Opp. 12).  Setting aside the lack of specifics, which alone compels dismissal, an employer's alleged knowledge of a disability is not enough to plead a claim. *See Drummer*, 286 F. Supp. 3d at 683 ("mere awareness of a disability does not create an inference of discrimination").

Counts I, V, and VIII should be dismissed.

### C. Plaintiff Misstates the Pleading Standard for Age Discrimination Claims and Fails to Adequately Plead a Claim.

Plaintiff's Opposition misstates Third Circuit law.  According to Plaintiff, an allegation that an employee was terminated and replaced by someone "significantly younger," without more, is sufficient to state a plausible claim for age discrimination.  (Opp. 6).  Plaintiff's Opposition relies heavily on *Martinez v. UPMC Susquehanna*, in which the Third Circuit held that the phrase "significantly younger" in the plaintiff's complaint was a factual allegation rather than a legal conclusion.  *See* 986 F.3d 261, 266-67 (3d Cir. 2021).  *Martinez* does not, as Plaintiff claims, hold that a complaint need only allege a significant age difference to "support an inference of a discriminatory motive."  Instead, it holds that the phrase "significantly younger" is sufficient to support the existence of an age gap.  *See id.* at 267 ("Martinez alleges a commonsense fact.  He does not ask us to take as true that the hospital discriminated against him based on his age.  He

asks us only to accept that the men who replaced him were 'significantly younger' than he was. That is a matter of common parlance and observation.").

In the Third Circuit, it continues to be that case that more is needed. *See Cauler v. Lehigh Valley Hosp., Inc.*, 654 F. App'x 69 (3d Cir. 2016) ("[W]e agree that the allegation in the complaint that a 'substantially younger' person was hired does not give rise to an inference of discrimination."); *See Studders v. Geisinger Clinic*, No. 4:20-CV-00914, 2021 WL 510077, at *8-9 (M.D. Pa. Feb. 21, 2021) (reading *Martinez* to require more than "simply asserting that a plaintiff was replaced by someone younger" because "if simply alleging an age disparity were sufficient to state a claim, no employer could replace an employee over the age of forty with a younger candidate 'without exposing itself to potential liability for age discrimination.'"). Indeed, adequately pleading an age discrimination claim requires additional "suspicious details," beyond the mere factual allegation of an age gap, to "raise the reasonable expectation that discovery will uncover evidence of discriminatory motive." *See Martinez*, 986 F.3d at 267; *Studders*, 2021 WL 510077 at *9 ("The [*Martinez*] opinion goes on to note that the complaint in *Martinez* also "add[ed] suspicious details" and that "th[o]se facts raise[d] the reasonable expectation that discovery will uncover evidence of discriminatory motive."); *Smallwood-Jones v. Thomas Jefferson Univ. Hosps., Inc.*, No. CV 22-3168, 2023 WL 1102333, *2 n.3 (E.D. Pa. Jan. 30, 2023) ("[T]here must be additional facts to plausibly suggest a discriminatory motive may be revealed through discovery. Without such additional facts, as the *Martinez* Court itself noted, any termination could result in a fishing expedition."). Even in *Goughenour v. PNC Bank, N.A.*, the case from which Plaintiff's Opposition copies multiple paragraphs verbatim, the "plaintiff alleges more than [the fact that] she was replaced by someone younger." *See* No. 3:23CV2055, 2024 WL 4217523, *4 (M.D. Pa. Sept.

5

17, 2024) (noting plaintiff included specific allegations of strong job performance before her termination, including the names of four different awards she received for her performance).

Applying the correct standard, the Amended Complaint does not contain the additional "suspicious details" required to plead an age discrimination claim. Plaintiff's Opposition rehashes the same vague and conclusory allegations regarding stray comments spoken by and directed at unspecified individuals at unspecified times. His allegations routinely fail to identify either the identity of the speaker, the subject of the allegedly age-based comment, or even the approximate time at which the comment occurred, making them nothing more than stray remarks which are "generally insufficient to demonstrate age-related animus." *See Udasco-Kist v. Thomas Jefferson Univ. Hosps., Inc.*, No. 19-3176, 2021 WL 254584, at *7 (E.D. Pa. Jan. 25, 2021.)[1]

Therefore, Plaintiff has failed to plead age discrimination under the ADEA, PHRA and PFPO and Counts II, V, and VIII should be dismissed.

### D. Plaintiff's Opposition Adds Nothing to Conclusory Retaliation Allegations.

Plaintiff cannot adequately state a claim for retaliation based on boilerplate assertions that he engaged in protected activity. Allegations that an employee engaged in protected activity must, at the very least, identify the discrimination, harassment, or other illegal employer conduct that the employee opposed. *See Clark v. Albright Coll.*, No. CV 19-2610, 2022 WL 801941, *5 (E.D. Pa. Mar. 15, 2022) ("Protected activity is defined as Opposition to an illegal employment practice in

---

[1] Plaintiff's Opposition inaccurately claims that "Defendants assume that the Plaintiff has made a *prima facie* case for age discrimination with regards to her [sic] termination." It is unclear how Plaintiff came to this conclusion, as Defendants' Motion to Dismiss clearly states that "Defendants *dispute* the majority of *the factual allegations* in the Amended Complaint, but assume them as true for purposes of this Motion only." (MTD 3 n. 1). Defendants argued that, even assuming Plaintiff's *factual allegations* to be true, Plaintiff cannot make a *prima facie* case for age discrimination, nor even "raise a reasonable expectation that discovery will reveal evidence of the necessary elements."

a way that identifies the employer and the practice, if not specifically, at least by context.")
(internal quotations omitted); *Curay-Cramer v. Ursuline Acad. of Wilmington, Delaware, Inc.*, 450
F.3d 130 (3d Cir. 2006) ("Vagueness as to the nature of the grievance . . . prevents a protest from
qualifying as a protected activity."). Plaintiff's Opposition makes no reference to protected
activity of any kind. It does not direct us to any allegations in the Amended Complaint, or provide
any context or explanation for the Amended Complaint's conclusory allegations that "Plaintiff
engaged in protected activity by reporting the discrimination and harassment in the workplace."
(Am. Compl. ¶ 108). Plaintiff fails to provide any details regarding the conduct he alleges
constituted discrimination and harassment or even when he reported this alleged discrimination.
Thus, his retaliation claim fails. *See Barbalace v. KenCrest Services, Inc.*, No. 22-258, 2022 WL
1157893, at *2-3 (E.D. Pa. Apr. 19, 2022) (dismissing plaintiff's retaliation claim, pursuant to
Rule 12(b)(6), because "[a]s pleaded, his grievances describing disrespect and disparate treatment
without any explicit mention of a protected characteristic do not constitute protected activity.").

Similarly, Plaintiff's Opposition provides no indication of a causal nexus between his
inadequately pled protected activity and his inadequately pled claims of discrimination and
harassment. The only evidence of a causal nexus in Plaintiff's Amended Complaint is the
conclusory allegation that "Plaintiff's reports of discrimination and harassment in the workplace
resulted in the discrimination and harassment getting worse." (Am. Compl. ¶ 109). Plaintiff's
Opposition tries to bolster this allegation with another bland, conclusory statement that "[w]hen
considering Plaintiff's claims for hostile work environment, disparate treatment, retaliation, and
aiding and abetting, Plaintiff's First Amended Complaint satisfies the legal standard required to
move Plaintiff's case onto the discovery phase." (Opp. 12). Plaintiff cannot simply parrot the

words "discrimination," "harassment," "protected activity," and "retaliation," and expect to satisfy the "legal standard to move [his] case onto the discovery phase."

Therefore, Plaintiff has failed to allege facts sufficient to plausibly establish retaliation, and thus, Counts II, IV, VI, and IX should be dismissed.

### E. The Amended Complaint Fails to Plead a Hostile Work Environment Claim Because the Allegations, Even if True, do not Meet the Severe and Pervasive Standard.

Plaintiff's Opposition devotes little substance to his hostile work environment claims other than repeating the same conclusory statement that "Plaintiff's First Amended Complaint satisfies the legal standard required to move Plaintiff's case onto the discovery phase." (Opp. 12). The Opposition's allegations of "continuous conduct and comments disparaging Plaintiff" are supported by citations to eight paragraphs in Plaintiff's Amended Complaint. Two of these paragraphs are conclusory allegations that simply restate the legal standard. (Am. Compl. ¶¶ 151, 153). The only two paragraphs that actually identify the speaker do not seem to be relate to comments directed at Plaintiff. (Am. Compl. ¶¶ 49, 50). These types of comments cannot support a claim of hostile work environment. *See Del Bianco v. 76 Carriage Co.*, No. 2:22-CV-01152-JDW, 2023 WL 2772121, *2 (E.D. Pa. Apr. 4, 2023) (finding witness "affidavits do not demonstrate pervasiveness because none of the affiants contends that [the plaintiff's supervisor] made these comments in [the plaintiffs] presence or otherwise directed the comments at him).

Plaintiff failed to identify the identity of the speaker or the date for every comment allegedly directed at Plaintiff. (Am Compl. ¶¶ 43, 46, 55-59, 67, 69, 70). Indeed, many of the comments consist of vague allegations regarding the reasons provided for his termination. These sporadic comments made by unspecified people and without clarity as to whether they occurred before, during, or after Plaintiff's termination do not rise to the level of "severe and pervasive."

*See Vu v. Kott*, No. 5:23-CV-03336-JMG, 2024 WL 2802849, *2 (E.D. Pa. May 31, 2024) (dismissing complaint containing "only allegations of isolated comments and vague references to bias and discriminatory treatment" because "sporadic and vague references alone do not rise to the level of regular and pervasive that is necessary to successfully allege a hostile work environment"). Therefore, Plaintiff failed to allege a hostile work environment claim and Count III should be dismissed.

### F. The Aiding and Abetting Claims Should be Dismissed Because No Facts Were Plead to Support Liability for the Newly Added Individual Defendants.

Plaintiff's Opposition argues that he added claims to the Amended Complaint under the PHRA and PFPO "to clarify the reasons for including the four individual defendants" and because those claims "were not yet ripe for suit when the initial complaint was filed."[2] (Opp. 9). Plaintiff argues that these paragraphs establish that the four individual Defendants were the "individual[s] who subjected Plaintiff to the age based conduct and comments" (Opp. 9), yet none of the cited paragraphs describe comments directed at Plaintiff. Many of the allegations refer only generally to "these comments," "discriminatory comments about replacing older employees," or "the motivation to end the employment of Plaintiff," without providing any additional detail. (Am. Compl. ¶¶ 60, 76, 77). The Opposition also claims that the individual defendants "worked together to form a plan to violate Plaintiff's rights" resulting in Plaintiff's unlawful termination. (P. Opp. 9-10). However, this argument, like the added claims, continues to collectively refer to "Defendants" "without clarifying the specific basis for each Defendant's liability" as required to state a claim under the PHRA and PFPO. *See Hainey v. Carney*, No. 22-1387, 2022 WL 1308510,

---

[2] Plaintiff also claims his First Amended Complaint "was filed to streamline the pleading." (Opp. 9). This misrepresents the court's July 11, 2024 order that the Plaintiff file an Amended Complaint to "clarif[y] the factual basis for his claims and the legal theories he intends to pursue." (See ECF No. 10.)

at *10 (E.D. Pa. May 2, 2022) (citing *Lawal v. McDonald*, 546 F. App'x 107, 113 (3d Cir. 2014)). As such, the aiding and abetting claims should be dismissed.

### III.    CONCLUSION

For the rea sons stated above and for those set forth in Defendants' Motion to Dismiss, the Court should dismiss all claims against the Defendants, with prejudice.

DATED:        November 12, 2024                PAUL HASTINGS LLP


By: */s/ Jeffrey A. Sturgeon*
    Jeffrey A. Sturgeon
    jeffreysturgeon@paulhastings.com

1650 Market Street
Suite 3600
Philadelphia, PA 19103

200 Park Avenue
New York, NY 10166
Telephone:    1(212) 318-6017

***Counsel for Defendants***